# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TONY WILLIAMS DANCE CENTER, LLC,**<br><br>                                **Plaintiff,**<br><br>**v.**<br><br>**HARTFORD FIRE INSURANCE COMPANY,**<br><br>                                **Defendant.** | **Civil Action No. 1:20-CV-11312-RWZ** |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, in the above-captioned action (the "Action"), Plaintiff Tony Williams Dance Center, LLC (the "Plaintiff") and Defendant Hartford Fire Insurance Company (the "Defendant") (separately, a "Party" and together, the "Parties"), or a third party may be required to disclose to the Plaintiff and Defendant information that the disclosing party deems to be confidential, as defined in paragraphs 2 and 3 below;

WHEREAS, the Plaintiff and Defendant wish to facilitate discovery while protecting confidential information, as defined below, in accordance with applicable law;

WHEREAS, the Plaintiff and Defendant, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order;

ACCORDINGLY, IT IS HEREBY STIPULATED, AGREED AND ORDERED that:

1.     Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Protective Order (the "Order").

## DEFINITIONS

2.　　The term "Confidential Information," as used in this Order, means Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in the Action that the Producing Party reasonably and in good faith believes contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the protections provided in this Order, including, but not limited to, any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c) or applicable laws or regulations.　Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

3.　　The term "Discovery Material," as used in this Order, means any and all documents, information, and tangible things exchanged or furnished in the course of discovery by the Plaintiff, Defendant, and other persons or entities subject to discovery, including deposition testimony and exhibits thereto, answers to interrogatories, and responses to other discovery requests and subpoenas.　Any person subject to this Order who receives from any other person any Discovery Material shall not disclose said Discovery Material to anyone else except as expressly permitted hereunder.

4.　　The term "Personal Data" means any information related to, reflecting, associated with or identifying a natural person that a Producing Party believes in good faith to be subject to federal, state or foreign data privacy, data protection laws or other privacy obligations.　Personal Data constitutes material requiring special protection.　Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

5.     The term "Producing Party," as used in this Order, means the Plaintiff, Defendant, or any non-party that produces Discovery Material.

6.     The term "Receiving Party," as used in this Order, means the Plaintiff, Defendant, or any non-party that receives Discovery Material.

## DESIGNATION OF CONFIDENTIAL INFORMATION
## IN DISCOVERY MATERIAL

7.     The protections conferred by this Order cover not only Confidential Information, but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

8.     A Producing Party shall designate documents that it believes should be subject to Confidential Information treatment under this Order by placing or affixing on such documents the word "CONFIDENTIAL."  Placing or affixing the word "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Confidential Information, unless otherwise indicated by the Producing Party.

9.     A Producing Party may designate any magnetic or electronic media (e.g., videotape or computer disk or DVD/CD-ROM disk) as Confidential Information by placing or affixing a label of "CONFIDENTIAL" on such media.  Wherever practicable, Confidential Information produced electronically shall be formatted such that printed copies of any document(s) contained therein shall print with a header or footer stating "CONFIDENTIAL."

10.     All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is actually received by counsel for all parties.  At or before the end of such

fifteen-day period, the deposition shall be classified appropriately. A Producing Party may designate as Confidential Information that part of a deposition transcript that discloses or discusses Confidential Information, by making a statement to that effect for inclusion in the deposition transcript at, or prior to, the conclusion of the deposition. Additionally, and alternatively, any Producing Party may designate information disclosed at a deposition as Confidential Information by notifying all counsel in writing within fifteen (15) business days of receipt of the final deposition transcripts of the specific pages and lines of the transcript that it wishes to designate as Confidential Information. If the deposition is not designated, in whole or in part, as Confidential Information within fifteen days, it will no longer be treated as containing Confidential Information. Those portions of a deposition transcript that are designated as Confidential Information shall be bound separately and stamped "CONFIDENTIAL" and, if filed with the Court, shall be filed separately and under seal. The deponent shall be instructed that he or she may not disclose Confidential Information. Copies of Confidential Information furnished during any deposition shall not be left in the possession of deponents. The use of specific portions of the deposition transcript that are designated as Confidential Information shall be governed by this Order. However, nothing in this Order restricts the use of any portion of a deposition transcript that has not been designated as Confidential Information.

11.    Any Producing Party who inadvertently fails to identify Discovery Material as Confidential Information shall have fifteen (15) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing the Receiving Party written notice of the error and producing substitute copies of the inadvertently produced Discovery Material with the correct designation. The Receiving Party shall thereafter treat the information as Confidential Information and shall take reasonable steps to return or destroy all prior copies of

such inadvertently produced discovery material.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential Information under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

12.     In the event of a disclosure of any document or information designated as Confidential Information to a person not authorized to have had such disclosure made to him or her under this Order, and in the event the Party responsible for having made or allowed such disclosure becomes aware of such disclosure, that Party shall immediately inform counsel for the Producing Party whose document or information designated as Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure.  The responsible Party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of the document or information designated as Confidential Information occurs.

13.     The designation, or lack of designation, of information as Confidential Information shall be of no evidentiary effect.  Nothing in this Order shall preclude a Producing Party from objecting to the admissibility on any grounds of any Discovery Material produced.

14.     Disputes concerning the designation of Confidential Material shall be handled as follows: counsel for the Party challenging the propriety of a designation of Confidential Information shall notify, in writing, counsel for the Producing Party of the nature of the challenge.  The challenging Party and the Producing Party shall meet and confer and make a good faith effort to resolve the dispute.  If these Parties are unable to resolve the dispute, the Producing Party may apply to the Court for a determination as to whether it appropriately designated the document or tangible thing as Confidential Information.  If the Producing Party

files such an application with the Court, the document or tangible thing at issue will be treated as Confidential Information until the Court has rendered its determination.  Notwithstanding the foregoing, no Party shall challenge the designation of Discovery Material unless that Party has a good faith intention of filing or otherwise using the challenged Discovery Material in a manner that would otherwise be prohibited by this Order.

## DISCLOSURE OF INFORMATION DESIGNATED
## AS CONFIDENTIAL INFORMATION

15.    All Confidential Information disclosed in the litigation shall be used for the sole purpose of conducting the litigation and for no other purpose whatsoever, including use in other legal actions, present or future.

16.    Confidential Information designated as such, and any copies thereof and/or notes made therefrom, shall not be disclosed to any persons other than the following:

> (a)    counsel of record for the Parties, co-counsel assisting such counsel of record in the litigation, the partners, of counsel, and associate attorneys of such counsel of record and co-counsel assisting in the litigation, and any litigation support personnel, paralegals, or stenographic and/or videographic reporters, secretarial, or clerical personnel assisting counsel of record for the Parties in the litigation;

> (b)    personnel of the Parties actually engaged in assisting in this proceeding and who have been advised of their obligations under this Order;

> (c)    experts, consultants, vendors, and contractors retained to assist counsel of record in the litigation, including their assistants, staff, and stenographic, secretarial, or clerical personnel, provided such a person first executes the Acknowledgment at Exhibit A to this Order;

(d)     any deponents in the litigation and their counsel, provided that such witnesses not retain any copies of documents or tangible things marked "CONFIDENTIAL";

(e)     any witnesses or prospective witnesses, including but not limited to third-party witnesses, and their counsel, provided that such witness not retain any copies of documents or tangible things marked "CONFIDENTIAL";

(f)     the Court and its staff, including stenographic and/or videographic reporters, in connection with the Court's administration and adjudication of this Action;

(g)     the author(s), addressee(s), or recipient(s) of the Confidential Information;

(h)     any Party's members, accountants, outside or internal auditors, and regulators or other government agencies requiring access to the Confidential Information;

(i)     Defendant's reinsurers, reinsurance intermediaries and retrocessionaires for the purpose of reinsurance or retrocession contract administration and billings;

(j)     Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment at Exhibit A to this Order;

(k)     any other person to whom the Court compels disclosure of the Confidential Information or to whom disclosure is required by law; and

(l)     Any other person or entity who Counsel for the Producing Party agrees, after conferring in good faith, should have access to Confidential

Information or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

17.     Any Party to whom Confidential Information is disclosed pursuant to this Order that receives a subpoena, order, or other request for production or disclosure of all or part of such Confidential Information shall, within five (5) business days after receiving such subpoena, order, or other request, provide written notice by facsimile or electronic transmission to the relevant Producing Party, identifying the information sought and attaching a copy of the subpoena, order, or other request, so that the Producing Party may, if it so chooses, make an application for relief from the subpoena, order, or other request.

18.     To the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) business days after notice of the subpoena is provided to the Producing Party in order to provide the Producing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material.

## USE OF INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION IN COURT FILINGS

19.     In the event any Party that is a signatory to this Order seeks to submit to the Court any Confidential Information for any purpose prior to trial, that Party shall redact all Confidential Information and file the redacted pleading, motion, or document pursuant to established Court filing procedures under the Court's standing order and the District of Massachusetts's ECF Rules & Instructions.  The Clerk of the Court shall file and maintain under

seal any such documents until further order of the Court, and such Confidential Information so filed shall not be made available to anyone other than the persons identified in Paragraph 16.

20.     A Party intending to file with the Court any pleadings, motions, or other papers disclosing information designated as Confidential Information by a Producing Party, shall, to the extent practicable, give prior notice to the relevant Producing Party, identifying the information designated confidential that would be disclosed in the filing.  The Producing Party and the filing Party shall endeavor to minimize the amount of material that is filed under seal.

## GENERAL PROVISIONS

21.     With the exception of the persons specified in Paragraph 16(a), (b), (e), and (f), any person to whom Confidential Information is to be disclosed shall first be advised by the attorney making the disclosure to that person that pursuant to this Order he or she may not divulge any Confidential Information to any other person not authorized under Paragraph 16 above to have access to such Confidential Information.  The attorney disclosing Confidential Information shall secure from each person to whom the Confidential Information is disclosed (except persons specified in Paragraph 16(a), (b), (e) or (f)) an Acknowledgment in the form attached as Exhibit A to this Order, stating that such person has read the Order and agrees to be bound by it.  The attorney securing the Acknowledgment shall maintain it until further order of the Court.

22.     Production of any documents, testimony, or information in this Action without a designation of "CONFIDENTIAL" shall not, in and of itself, be deemed a waiver of any party's claim that the information constitutes Confidential Material if, after discovering such failure to so designate, the Producing Party sends a written notice to counsel for all other Parties and designates the previously produced documents, testimony or information as "CONFIDENTIAL."

Upon receipt of such notice, the Receiving Party shall thereafter treat the documents, testimony or information as if they had been designated "CONFIDENTIAL" upon initial production.

23.     The Parties expressly recognize their respective obligations relating to the disclosure and return of documents, as well as the limitations on waiver associated with inadvertent productions, set forth in Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) and hereby incorporate the same in this Order.  Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties further agree that the protections and limitations on waiver afforded to them under FRE 502 extend to and are binding on non-parties to this matter, such as consultants and testifying experts, who may inadvertently disclose Confidential Information.

24.     Nothing in this Order shall preclude the Plaintiff, Defendant, or any third party from using or disclosing documents that it has obtained through no violation of this Order.

25.     Nothing in this Order shall be deemed to preclude the Plaintiff, Defendant, or any third party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Order.

26.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27.     This Order shall survive the termination of the litigation.  Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within 60 days of receipt of written notice from the Producing Party requesting

the return or destruction of Confidential documents following the final disposition of this Action whether by settlement, final judgment, denial of final appeal, or other termination of this Action, the Receiving Party shall either promptly return all copies of the Confidential documents to the Producing Party or take reasonable efforts to destroy the Confidential documents, except for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation.  However, each Party and counsel for each Party may keep one complete set of all pleadings, transcripts, filings, motions, briefs, related supporting papers and exhibits.  This Order shall not be construed to cause counsel for the Parties to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

28.    The Plaintiff and Defendant may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the Court.

29.    The Parties agree to treat the terms of this Order as binding upon execution and before it is formally entered by the Court.

**STIPULATED AND AGREED:**


By: */s/ Samuel Karpel*
Samuel Karpel (BBO# 668404)
ZILBERBERG EINHORN
KARPEL, P.C.
66 Split Rock Road
Syosset, New York 11791
Telephone (718) 249-2202
Facsimile (718) 256-7900
skarpel@zeklawfirm.com

By: */s/ Sarah D. Gordon*
Sarah D. Gordon (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-3000
sgordon@steptoe.com


Anthony J. Anscombe (*pro hac vice*)
Cara A. Lawson (*pro hac vice*)
STEPTOE & JOHNSON LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300
aanscombe@steptoe.com
clawson@steptoe.com


Danielle Andrews Long (BBO# 646981)
Gerald P. Dwyer, Jr. (BBO# 631475)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Phone: 860-275-8331
gdwyer@rc.com
dlong@rc.com


*Counsel for Plaintiff*

*Counsel for Defendant*


**IT SO ORDERED.**


Dated: _____, 2021

_____
Hon. Rya W. Zobel

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TONY WILLIAMS DANCE CENTER, LLC,

                         **Plaintiff,**

v.

HARTFORD FIRE INSURANCE
COMPANY,

                         **Defendant.**

**Civil Action No. 1:20-CV-11312-RWZ**

### CERTIFICATION REGARDING PROTECTIVE ORDER

       I, _____, [name], of _____ [business or home address], hereby certify that I have read the Order entered into in the above-captioned action on _____, 20__.

       I agree to be bound by the terms of that Order and comply with those terms.  I agree not to disclose to anyone any material subject to the Protective Order or the contents thereof except as provided in the Protective Order.  I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of the above-caption action, including any appeals, and for no other purpose, and will be returned by me to the person who furnished the materials to me upon conclusion of the action.  I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Massachusetts with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.

Date: _____

_____
    [Signature]